UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-60976-CIV-HUNT

JOHN F. BATES,

    Plaintiff,

v.

JANET YELLEN, as Secretary, U.S. Department
of the Treasury, Internal Revenue Service,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Treasury Secretary Janet Yellen's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), ECF No. 41. The Court has considered the Motion, Plaintiff's Response, Defendant's Reply, and the record in this case, and is otherwise advised in the premises. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Motion.

I.    **Background**

This case arises from Plaintiff's employment as a Special Agent with the United States Department of the Treasury, Internal Revenue Service ("IRS"). Plaintiff alleges that he was discriminated against for his observation of Easter in 2017. According to Plaintiff's Second Amended Complaint, ECF No. 38, Plaintiff celebrated Easter from Friday, April 7, 2017, through Sunday, April 9, 2017, as well as from Friday, April 14, 2017, through Easter Sunday, April 16, 2017, in accordance with his particular sect of Christian faith. Plaintiff alleges that his immediate supervisor chastised him for his

celebration of the holiday and the length of his celebration, questioned his faith, confined him to desk duty, and engaged in other acts of ridicule and retaliation.

Bates sought Equal Employment Opportunity ("EEO") counseling on April 19, 2017, and thereafter filed a charge of discrimination, hostile work environment, and retaliation with the IRS. After the IRS denied Bates' claims, he appealed to the Equal Employment Opportunity Commission ("EEOC") but withdrew the appeal to bring suit in federal court. In his Second Amended Complaint, Bates brings Title VII claims of retaliation and hostile work environment. The Secretary now moves to dismiss.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678). "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id*. (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal,* 556 U.S. at 679).

**III.    Analysis**

A.    <u>Plaintiff's Retaliation Claim</u>

A plaintiff stating a claim of retaliation must allege that (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) some causal connection existed between participation in the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

Plaintiff alleges that in response to his engagement in protected religious activity, he received a proposal for a ten-day suspension without pay, was suspended for eight days, was placed on a performance improvement plan, was denied a within-grade increase, and was improperly removed from consideration for an attaché position abroad.

Defendant argues that Plaintiff has failed to establish a causal connection between Plaintiff's engagement in a protected activity and the personnel actions taken by management. Defendant argues that Plaintiff has "only conclusorily alleged that there was a causal connection between his lawful protected activity and the allegedly adverse employment actions." ECF No. 41 at 5.

Plaintiff's Second Amended Complaint, ECF No. 38, states in relevant part that:

48.  On May 12, 2017, approximately one month after Plaintiff's expressed opposition to [Plaintiff's supervisor's] prohibition of his religious practices, as a member of a specific denomination of the Christian faith, the Plaintiff received a proposal for a ten-day suspension without pay, and this proposal was implemented, as a disciplinary penalty, on September 23, 2017.

49. On June 20, 2017, [Plaintiff's supervisor] placed the Plaintiff on an unjustified Performance Improvement Plan, based on false statements, and [Plaintiff's Supervisor] also issued a memorandum, denying the Plaintiff's regularly scheduled within grade pay increase.

50.  As another act of continuing reprisal, or retaliation, on or about September 13, 2017, even though the Plaintiff was rated "Best Qualified" for an attaché position, with IRS-CI Bogota, Colombia, however, on or about

> October 10, 2017, the Plaintiff was improperly removed from the application process by the AGENCY, without any valid business reason or justification.
>
> 51. There was a causal connection between [Plaintiff]'s protected activity, his April 13, 2017, expressed opposition to [Plaintiff's supervisor's] open hostility and her rejection of his religious practices, as an expression of his religious faith, and the personnel actions taken by management, as set forth in Paragraphs 48-50 of the Second Amended Complaint, which taken together, constitute adverse employment actions.

ECF No. 38 at 17.

Plaintiff argues that he has pleaded the elements of a retaliation claim, in that he is only required to set forth a "a short and plain statement of the claim showing that the pleader is entitled to relief." ECF No. 42 at 7 (citing *Swierkeiwicz v. Sorema, N.A.*, 534 U.S. 506, 511-12 (2002)).

As an initial matter, while Plaintiff does indeed properly state the standard from Fed. R. Civ. P. 8(a), he fails to consider that the United States Supreme Court has held that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Post-2007, at minimum, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-CV-1537, 2019 WL 6311987, at *8 (C.D. Ill. Nov. 25, 2019), *aff'd*, 994 F.3d 869 (7th Cir. 2021) (quoting *Iqbal*, 556 U.S at 678). Indeed "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Brady v. Potter*, No. 1:10-CV-3950-RLV-SSC, 2011 WL 13138099, at *1 (N.D. Ga. Feb. 11, 2011) (quoting *Iqbal,* 556 U.S at 679).

4

Plausibility requires "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* (citing *Iqbal*, 556 U.S. at 679).[1]

Plaintiff's Complaint may indeed contain a short and plain allegation that the adverse actions were causally connected to Plaintiff's protected activity, but that statement, standing alone, is not enough. There must be some factual support. Paragraphs 49 and 50 contain nothing connecting Plaintiff's religious activities to the actions taken by the agency.  For example, Plaintiff has not pleaded that his supervisor was in any way involved in the attaché position decision.  He also has not pleaded that the denial of his pay increase was based on his protected activity, nor that the "false statements" upon which his Performance Improvement Plan was based were connected to his protected activity.

Paragraph 48 comes closer pleading a plausible claim.  Plaintiff does allege that he received a proposal for a ten-day suspension shortly after he engaged in his protected activity.  "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (citing *Brungart v. BellSouth Telecomm., Inc.,* 231 F.3d 791, 798–99 (11th Cir. 2000)).  Such proximity must be "very close."  *Id.* (citing *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001)).

---

[1]   To the extent that Plaintiff cites *United States v. Baxter, Intl., Inc.,* 345 F.3d 866 (11th Cir. 2003) for the notion that the threshold at the motion to dismiss stage is "exceedingly low," ECF No. 42 at 4, the undersigned notes that "*Baxter . . .* rel[ies] on *Conley v. Gibson*, 355 U.S. 41 (1957), in rendering the pleading standard under Federal Rule of Civil Procedure 8(a)." *MAO-MSO Recovery II*, 2019 WL 6311987, at *8. "*Conley* was abrogated by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 560–63 (2007)." *Id.*

However, Plaintiff's Complaint does not stand alone.  Plaintiff has also submitted and incorporated by reference a letter that informs him of the implementation of a penalty based on that recommendation.  *See* ECF No. 1-8.  In that letter, the Director of Field Operations states that he examined the evidence and found reason to implement a lesser suspension than that recommended by Plaintiff's supervisor.  The letter contains no reference to Plaintiff's protected activity, and instead cites Plaintiff's "lack of respect in [his] failure to follow management's instruction," which "exhibit[ed] qualities of poor judgment and a lack of trustworthiness."  Plaintiff does not adequately allege a causal connection between his protected activity and the decision of the Director of Field Operations, which was the operative materially adverse event against Plaintiff.

Accordingly, Plaintiff has not adequately pleaded a necessary element of his retaliation claim, and Defendant's Motion to Dismiss should be granted on this Count.

B.     Plaintiff's Hostile Workplace Claim

As for Count II, the Court agrees with both Parties.  Plaintiff, correctly, argues that this Court has already held that he sufficiently alleged a hostile workplace claim, and that he simply repleaded that claim in its entirety. However, as Defendant points out, the undersigned also found that Plaintiff "fails to show that the two suspensions [we]re based on his protected status," and thus that they were not to be considered in his hostile workplace claim. ECF No. 31 at 8.  Defendant argues that Plaintiff should have repleaded the allegations without using the two suspensions.   The Court now holds that Plaintiff's hostile workplace claim remains valid, but that allegations regarding the two suspensions should not be considered as part of that claim.

### IV.     Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows: Defendant Treasury Secretary Janet Yellen's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No.16, is GRANTED IN PART and DENIED IN PART in accordance with this Order.  It is GRANTED to the extent that Count I of the Second Amended Complaint is DISMISSED, and allegations regarding Plaintiff's suspensions are stricken from Count II in accordance with this Court's prior Order.  It is otherwise DENIED.

**DONE AND ORDERED** at Fort Lauderdale, Florida on March 7, 2023

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
   All Counsel of Record