UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 21-CV-60976-HUNT

JOHN F. BATES,
    Plaintiff,

vs.

JANET YELLEN, as
Secretary, U.S. Department
of the Treasury, Internal
Revenue Service,
    Defendant.
_____/

**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS, IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, John F. Bates, by his undersigned counsel, and pursuant to Local Rule 56.1 of the Local Rules for the Southern District of Florida,[1] hereby files this Statement of Disputed Material Facts, In Opposition to the Defendant's Motion for Summary Judgment. In support of these Disputed Material Facts, the Plaintiff states as follows:

1. Undisputed.
2. Disputed in part, with regard to the applicability of Law Enforcement Availability Pay ("LEAP"); the Plaintiff maintains that during the critical time-period, in this case, the weekend of April 7, 2017, to April 9, 2017, the Defendant has misinterpreted and or misapplied, the applicability of Law Enforcement Availability Pay ("LEAP"), and during that time-period, the Plaintiff was not designated as being on, "LEAP" pay. [*See*, the Deposition of John Bates ("BATES"), **Vol II, T: 135—137**, attached hereto, as **EXHIBIT A**]. LEAP pay needs to be scheduled in advance, for a non-scheduled tour of duty. *Id*, at **T: 136**]. LEAP does not mean that the agent is "on-call," twenty-four (24) hours per day, seven (7) days per week. *Id*, **T: 137—138**]. Contrary to the Defendant's representation in

---

[1] Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment violates Local Rule 56.1 (b)(1)(A) of the Local Rules of the United States District Court for the Southern District of Florida, since the pleading exceeds the ten-page limitation; and the Defendant did not seek leave of court, to submit a fourteen-page Statement of Undisputed Material Facts. The pleading has been improvidently filed.

1

its Motion, BATES had not been designated, as being, in an "on-call," or in an "on-duty" status, during the weekend of April 7, 2017, to April 9, 2017. *Id*, at **T:142**].

3. Disputed in part, with regard to the applicability of Law Enforcement Availability Pay ("LEAP"); the Plaintiff maintains that during the critical time-period in this case, the weekend of April 7, 2017, to April 9, 2017, the Defendant has misinterpreted and or misapplied, the applicability of Law Enforcement Availability Pay ("LEAP"), and during that time-period, the Plaintiff was not designated as being on, "LEAP" pay. [*See*, the Deposition of John Bates ("BATES"), **Vol II, T: 135—137**, attached hereto, as **EXHIBIT A**].

4. Disputed, since the Plaintiff maintains that during the critical time-period in this case, the weekend of April 7, 2017, to April 9, 2017, the Defendant has misinterpreted and or misapplied, the applicability of Law Enforcement Availability Pay ("LEAP"), and during that time-period, the Plaintiff was not designated as being on, "LEAP" pay. [*See*, the Deposition of John Bates ("BATES"), **Vol II, T: 135—137**, attached hereto, as **EXHIBIT A**]. LEAP pay needs to be scheduled in advance, for a non-scheduled tour of duty. *Id*, at **T: 136**. LEAP does not mean that the agent is "on-call," twenty-four (24) hours per day, seven (7) days per week. *Id*, **T: 137—138**]. Contrary to the Defendant's representation in its Motion, BATES had not been designated, as being in an "on-call," or in an "on-duty" status, during the weekend of April 7, 2017, to April 9, 2017. *Id*, at **T:142**.

5. Undisputed.
6. Undisputed.
7. Undisputed.
8. Disputed. The CE Investigation was the *sole priority* in the Plaintiff's investigatory inventory. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 23, which is attached to the Defendant's Motion, as **EXHIBIT C**.
9. Undisputed.
10. Disputed, as the Defendant's characterization of this statement, in short, Plaintiff estimated in February of 2017, that it would be in the realm of possibility, to complete the SAR Review by March 31, 2017; this statement was a projection. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 26, which is attached to the Defendant's Motion, as **EXHIBIT C**. Moreover, the Plaintiff maintained that he was not able to evaluate all of the

applicable evidence by March 31, 2017. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 30, which is attached to the Defendant's Motion, as **EXHIBIT C**.

11. Undisputed.

12. Undisputed.

13. Disputed in part; since Plaintiff acknowledged that he should have more closely examined his calendar, to determine due dates for other applicable assignments during the end of February, 2017. *See*, the Oral Reply of Plaintiff, designated as page 13 of 24 pages, attached to the Defendant's Motion, as **EXHIBIT D**. Plaintiff admits in his declaration that he should have discussed an extension of the SAR March 31, 2017, deadline. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 32, which is attached to the Defendant's Motion, as **EXHIBIT C**.

14. Undisputed.

15. Undisputed.

16. Disputed in part, on April 4, 2017, the Plaintiff told his supervisor, Karen Wingerd, that he needed to complete additional work, before submitting the SAR Report. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 37, which is attached to the Defendant's Motion, as **EXHIBIT C**. Moreover, Plaintiff maintains that preparing for the Palantir Training in March, 2017, required a great deal of work, in addition Plaintiff was out of the office during this time frame, and Plaintiff maintained that a more realistic completion date for the SAR Report would have been during the end of April, and or possibly, sometime in May, 2017. *See*, the Oral Reply of Plaintiff, designated as page 15--16 of 24 pages, attached to the Defendant's Motion, as **EXHIBIT D**; and hence, the estimated completion date should have been amended. *Id.*

17. Undisputed.

18. Undisputed, although additionally, Plaintiff pointed out to Ms. Wingerd his recent illness and his involvement with the computer training program. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 41, which is attached to the Defendant's Motion, as **EXHIBIT C**.

19. Undisputed.

20. Disputed in part, the Plaintiff told Ms. Wingerd that he *expected* to complete the SAR prior to his departure for Puerto Rico, on April 10, 2017. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 42, which is attached to the Defendant's Motion, as **EXHIBIT C**.

21. Undisputed.

22. Undisputed.
23. Undisputed.
24. Undisputed.
25. Undisputed.
26. Undisputed.
27. Undisputed, however, additionally, Plaintiff contends that he did not read Ms. Wingerd's email message, until April 10, 2017. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 48, which is attached to the Defendant's Motion, as **EXHIBIT C.**
28. Undisputed.
29. Undisputed.
30. Undisputed.
31. Undisputed, although additionally, the Plaintiff did not immediately reply to the email because he did not want to disturb Ms. Wingerd during the early morning hours. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 48, which is attached to the Defendant's Motion, as **EXHIBIT C.**
32. Undisputed, although additionally, the Plaintiff did not immediately reply to the email because he did not want to disturb Ms. Wingerd during the early morning hours. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 48, which is attached to the Defendant's Motion, as **EXHIBIT C.**
33. Disputed in part, Plaintiff does not recall receiving and or reading the April 11, 2017, email message, while he was in Puerto Rico. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 54, which is attached to the Defendant's Motion, as **EXHIBIT C.**
34. Undisputed.
35. Disputed, according to the Plaintiff's records, he did not receive the follow-up telephone call from Ms. Wingerd. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 54, which is attached to the Defendant's Motion, as **EXHIBIT C.**
36. Disputed, Plaintiff did not receive a voice mail notification of Ms. Wingerd's call on April 11, or April 12, 2017, he did not receive notification of Ms. Wingerd's call until his return to the office on April 13, 2017. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 55, which is attached to the Defendant's Motion, as **EXHIBIT C.** Plaintiff attempted to call Ms. Wingerd on April 12, 2017, on her cell phone and office telephone, merely to

check in with her, but she did not answer. *See*, the Declaration of Plaintiff, John Bates, at Paragraph 57, which is attached to the Defendant's Motion, as **EXHIBIT C.**

37. Undisputed.
38. Disputed, this allegation was apparently made in error, since neither Paragraphs 56 nor 59, of the Plaintiff's Declaration, attached to the Defendant's Motion as **EXHIBIT C**, referenced at these Paragraphs, address a Within Grade Increase. ("WGI").
39. Undisputed.
40. Undisputed.
41. Undisputed.
42. Undisputed that Ms. Wingerd sent Ms. Langford an email communication on April 13, 2017.
43. Undisputed.
44. Disputed in part, although Ms. Wingerd asked Plaintiff in three instances, on April 13, 2017, why he did not respond to her email dated Friday, April 7, 2017, he disputes the remainder of the conversation. BATES stated that on Friday, April 7, 2027, his wife insisted that they celebrate Easter, one week early, from April 7, 2017, to April 9, 2017, but Ms. Wingerd stated that this response was "unacceptable," and she explained that as a Special Agent, he was "on call," 24/7, which includes nights and weekends. Furthermore, Ms. Wingerd made a derogatory comment on how my family chooses to celebrate Easter, she indicated that, "I could understand if you were Muslim, or you were Jewish, but Easter is just one day." See, Plaintiff's Declaration, at Paragraph 61, attached to the Defendant's Motion as **EXHIBIT C**

Moreover, Ms. Wingerd did not specifically deny in her deposition testimony, that she made a religious discriminatory statement to BATES.

**By Mr. Berkowitz**:

"Previously, when I asked you the question, when I posed the statement, 'Supervisory Special Agent Karen Wingerd made verbal and written discriminatory statements against me and my religious practices,' I believe you said something like, it depends on your perspective. What did you mean by that?"

**Ms. Soto**: "Object to the form."

"Go ahead."

      **The Witness**: "Everybody has their own perspective. I mean, when I say, the sky is blue, you may take that differently than what Amy does, or I do. I mean, everyone has their own perspective on language. So, when it comes to religion, I don't know his perspective. So, I don't know, you know, if anything I said six years ago, he would think is religious—religiously—connected. And it's hard to answer that question."[2]

Ms. Wingerd maintained that even if BATES, had been placed, in a non-duty status, on April 7, 2017, he would still be required to respond to her telephone calls. [*See*, the Deposition of Karen Wingerd ("WINGERD"), attached hereto, as **EXHIBIT B, at T: 28**] Furthermore, WINGERD was unaware if the Plaintiff was entitled to a religious accommodation, from April 7, 2029, to April 9, 2017. *Id*, at **T: 29—32** Furthermore, Ms. Wingerd could not confirm that BATES was even, on duty from April 7, 2017, to April 9, 2017. *Id*, at **T: 40**.

45. Disputed in part; BATES attempted to call WINGERD on two occasions on April 12, 2017, but she failed to pick up her telephone, both at her cell and office numbers. [*See*, the *Deposition of John Bates*, attached hereto, as **EXHIBIT A**, at **T: 124—125**]. BATES further stated that WINGERD was generally, unavailable, by telephone, during regular office hours. *Id*, at **T: 125**.

46. Undisputed.
47. Undisputed.
48. Undisputed.
49. Undisputed.
50. Undisputed.
51. Undisputed.

<u>**Reprimand**</u>

52. Disputed in part, BATES maintains that he was in fact, "reprimanded," which resulted in an adverse employment action, resulting in a material change the terms and conditions of his employment, since his status as an employee materially changed, for example, by being confined to desk duty, and he was precluded from assisting other agents. [*See*, **EXHIBIT D,** attached to the Original Complaint, **D.E. 1**].

---

[2] *See*, the *Deposition of WINGERD*, attached hereto, as **EXHIBIT B**, at **T: 45—46**.

53. Disputed, the issue is not whether the Plaintiff was subjected to an "adverse employment action," under IRS parlance, procedure or policy, the issue is, whether the Plaintiff was subjected to an adverse employment action, and or a reprimand, under applicable law. An employer's action which negatively impacts an employee's job duties constitutes an "adverse employment action." *See*, *Atkins* v. *Fulton County*, 420 F.3d 1293 (11th Cir. 2005).

54. Disputed, the issue is not whether the Plaintiff was subjected to an "adverse employment action," under IRS parlance, procedure or policy, the issue is whether the Plaintiff was subjected to an adverse employment action, and or a reprimand, under applicable law. An employer's action which negatively impacts an employee's job duties constitutes an adverse employment action. *See*, *Atkins* v. *Fulton County*, 420 F.3d 1293 (11th Cir. 2005).

### Acting Supervisor

55. Undisputed.
56. Disputed, Plaintiff maintained that he served as an Acting Supervisor, prior to 2017. [*See*, the *Deposition of BATES*, attached hereto, as **EXHIBIT A**, at **T: 171**]
57. Disputed in part, Plaintiff maintained that he served as an Acting Supervisor, prior to 2017. [*See*, the *Deposition of BATES*, attached hereto as **EXHIBIT A**, at **T: 171**]
58. Disputed in part, Plaintiff maintained that he served as an Acting Supervisor, prior to 2017. [*See*, the *Deposition of BATES*, attached hereto, as **EXHIBIT A**, at **T: 171**]
59. Undisputed.

### Beck and Call

60. Disputed in part, Plaintiff claims that he was "on call," under WINGERD, 24 hours per day, seven days per week. [*See*, *the Deposition of BATES*, attached hereto, as **EXHIBIT A**, at **T: 217**]
61. Disputed in part, Plaintiff maintained that he served as an Acting Supervisor, prior to 2017. [*See*, the *Deposition of BATES*, attached hereto, as **EXHIBIT A,** at **T: 171**]
62. Undisputed.
63. Disputed in part, for example, according to the Plaintiff's testimony, WINGERD made the statement that BATES was on call, 24/7, prior to the performance of the arrest in Naples. [*See*, the *Deposition of BATES*, attached hereto, as **EXHIBIT A**, at **T: 217--218**]
64. Undisputed.
65. Undisputed.

66. Disputed in part, WINGERD "walked back," her prior position, that she could call employees and expect a call back, when they were not on duty, during nights and weekends. [*See, the Deposition of BATES*, attached hereto, as **EXHIBIT A**, at **T: Vol, I, 141—142**].
67. Undisputed.
68. Undisputed.

### Within Grade Increase

69. Undisputed.
70. Disputed, since Plaintiff maintains that there were numerous incorrect statements, in the June 30, 2017, letter, denying the within grade increase, BATES should have been eligible for the within grade increase, but instead, he was in effect, issued a Performance Improvement Plan. *See, the Deposition of BATES*, attached hereto, as **EXHIBIT A** at **T: Vol, I, 223—226**. The performance appraisal needs to apply for the current rating period in the within grade increase analysis. *Id*., at **T: 229—230**.
71. Admitted.
72. Admitted
73. Disputed, the cited rating by management, was not the applicable period for a July, 2017 within grade increase. *See, the Deposition of BATES*, attached hereto, as **EXHIBIT A,** at **T: 229—230.** The Plaintiff maintains that there were numerous incorrect statements, in the June 30, 2017, letter, denting the within grade increase, BATES should have been eligible for the within grade increase; but instead, he was, in effect, issued a Performance Improvement Plan. *See, the Deposition of BATES*, attached hereto, as **EXHIBIT A,** at **T: Vol, I, 223—226]**.
74. Disputed, the Plaintiff maintains that there were numerous, incorrect statements, in the June 30, 2017, letter, denying the within grade increase; BATES should have been eligible for the within grade increase, but instead, he was, in effect, issued a Performance Improvement Plan. *See, the Deposition of BATES*, attached hereto, as **EXHIBIT A,** at **T: Vol, I, 223—226]**. Moreover**,** the cited rating by management, was not the applicable period, for a July, 2017 within grade increase. *See, the Deposition of BATES*, attached hereto, as **EXHIBIT A,** at **T: 229—230**.

75. Disputed in part, the Plaintiff contends that numerous incorrect statements, in the June 30, 2017, letter, denting the within grade increase, BATES should have been eligible for the within grade increase, but instead, he was in effect, issued a Performance Improvement Plan. *See,* the *Deposition of BATES,* attached hereto, as **EXHIBIT A,** at **T: Vol, I, 223—226].**

76. Disputed in part, Plaintiff maintains that there were false statements in the denial of his within grade increase, *Id,* at **T: 221-231, 233-237].**

77. Disputed in part, Plaintiff maintains that the denial of his within grade increase was based on numerous false statements. *Id.*

78. Disputed in part, Plaintiff maintains that the denial of his within grade increase was based on numerous false statements. *Id.*

79. Disputed, although the words themselves were not false, a false overall impression, was created, because additional investigatory steps were needed. *Id,* at **T: 239**.

80. Disputed, the Plaintiff maintains that he included his credentials. *Id.,* at **T: 242.**

81. Disputed in part, Plaintiff did not want to show WINGERD's inadequacy in the Memorandum, by stating that he had his credentials, and WINGERD did not. *Id,* at **T: 244.**

82. Disputed in part, the Plaintiff maintains that he was indeed involved in numerous criminal investigations. *See,* the *Deposition of BATES,* attached hereto, as **EXHIBIT C,** at **Vol, II, T: 7].**

83. Disputed, the Plaintiff maintains that he was involved with multiple investigation cases, in the February, 2017 time frame. *See,* the Declaration of Plaintiff, John Bates, at Paragraph 23, which is attached to the Defendant's Motion, as **EXHIBIT C.**

84. Disputed in part, the Plaintiff had expected to have a draft of the SAR completed by April 10, 2017. *See,* the Declaration of Plaintiff, John Bates, at Paragraph 42, which is attached to the Defendant's Motion, as **EXHIBIT C**

85. Disputed, the Plaintiff maintains that WINGERD did not set a time period for the submission of Memorandum of Interview. *See,* the *Deposition of BATES,* attached hereto, as **EXHIBIT C,** at **Vol, II, T: 37].**

86. Admitted.

87. Disputed, the Plaintiff did not recall the exact tax returns he had in his possession for the interview. *See,* the *Deposition of BATES,* attached hereto, as **EXHIBIT C,** at **Vol, II, T: 64].**

88. Disputed, the September 15, 2017, letter posed a serious issue, as part of the hostile work environment claim, since it threatened BATES with termination.

### Unsuccessful Performance Evaluation

89. Undisputed.
90. Undisputed.
91. Undisputed.
92. Undisputed

### False Deadlines

93. Undisputed.
94. Undisputed.

### Attache

95. Undisputed
96. Undisputed.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Appellant
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by the Court's electronic filing system, CM/ECF, on this 8th day of January, 2024, to Assistant U.S. Attorney, Amy Lynn Soto, 99 N.E. 4th Street, Suite 300, Miami, Florida 33132.

/s/ Mark J. Berkowitz
Mark J. Berkowitz
